UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL ORR, <br><br>    Plaintiff, <br><br>    v. <br><br>JAMES EARLY, et al., <br><br>    Defendants. | CAUSE NO. 3:19-CV-1067-MGG |

OPINION AND ORDER

Michael Orr, a prisoner without a lawyer, is proceeding in this case "against Correctional Officer Canzoneri and Correctional Officer James Early for using excessive force against him without justification on October 23, 2017, in violation of the Eighth Amendment[.]" ECF 17 at 13. The defendants filed a motion for summary judgment, arguing they did not use excessive force against Orr. ECF 53. Orr filed a response, and the defendants filed a reply. ECF 60, 61. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In order to survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id*. at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019).

In their summary judgment motion, the defendants argue they used a reasonable amount of force to gain compliance over Orr in response to his violent attack. ECF 54 at 3-5. In his response, Orr argues the defendants violated his Eighth Amendment rights

by using force against him before he started resisting, at a time when no force was necessary. ECF 60-1 at 6-13.

The defendants provide an affidavit from Officer Early, who attests to the following facts: On October 23, 2017, Officers Early and Canzoneri agreed to escort Orr to the showers. ECF 53-4 at 1. To do so, the correctional officers were required to place Orr in hand restraints prior to opening his cell. *Id.* The correctional officers placed the restraints on Orr's hands in the front, instead of the back, because Orr claimed to have an injury. *Id.* at 2. The officers then opened Orr's cell and Officer Canzoneri approached Orr to apply trip-gear restraints, which hold the offender's non-dominant hand to his waste and his dominant hand downwards. *Id*. Officer Early does not explain why the trip-gear restraints were needed to escort Orr to the showers. Once Officer Canzoneri was within arm's length of Orr, Orr retrieved something from his waist band and charged Officer Canzoneri, knocking him to the ground. *Id.* Officer Early and Officer Canzoneri both began applying OC spray to Orr. *Id.* Officer Early walked backwards to get away from Orr while continuing to apply OC spray, but slipped on a wet substance and fell to the ground. *Id.* Orr then tried to jump on top of Officer Early. *Id.* Orr hovered over the top of Officer Early, pinning him to the ground and swinging his arms and body weight at him. *Id.* Officer Early noticed a sharpened weapon in Orr's hand, which was about three inches from his face. *Id.* Officer Canzoneri continued to apply OC spray to Orr, which hit Officer Early as well. *Id.* at 3. Officer Canzoneri was able to get Orr off of Officer Early and pin him to the ground until back up came. *Id.*

3

In response, Orr provides an affidavit of his own, in which he attests to the following facts: On October 11, 2017, a physician confirmed Orr had a left elbow fracture and ordered that his arm be immobilized with a sling and that he only be cuffed in the front of his body with regular hand restraints. ECF 60-2 at 10-11. A lieutenant informed Orr that the physician's order would be carried out by all prison staff. *Id.* at 11. On October 23, 2017, Orr asked Officers Canzoneri and Early to escort him to the showers. *Id*. The officers were frustrated by Orr's request because his arm was in a sling and he had to be cuffed in the front of his body. *Id.* The officers began verbally harassing Orr, falsely accusing him of being a child molester and stating they wanted to spray him for touching children. *Id.* Officer Canzoneri applied the hand restraints to the front of Orr's body through the food slot on his cell door. *Id.* at 11. Once the hand restraints were applied, Officer Canzoneri told Orr, "We're using trip-gear on your ass," and entered his cell to apply trip-gear restraints. *Id.* at 11-12. Officer Canzoneri approached Orr and asked, "does it hurt your elbow if I did this," and violently yanked and jerked the hand restraints downwards, causing sharp pain. *Id.* at 12. Officer Canzoneri then pushed Orr against the wall and Officer Early began applying OC spray to his face. *Id.* At that point, Orr began having a "mental breakdown" and acting impulsively before eventually regaining control of himself and submitting. *Id.*

Orr argues the defendants used excessive force against him on two occasions. First, he argues the defendants used excessive force by unnecessarily applying trip-gear restraints to escort him to the shower, at a time when there was no need for any force.

4

ECF 60-1 at 6-8, 11. Orr argues the factors demonstrate the defendants acted maliciously by applying the trip-gear restraints, as they had no justification for applying the restraints, they knew their actions violated prison policy and the orders of his physician, they knew the restraints would cause pain to his fractured arm, and their comments indicate they applied the restraints to punish him because they believed he was a child molester. *Id*. In their reply, the defendants do not offer any justification for why they applied trip-gear restraints to escort Orr to the shower. *See* ECF 61 at 2. The defendants note that 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of prison policies. *Id*. However, Orr has provided evidence the defendants' application of trip-gear restraints violated orders from his physician and a lieutenant, which is circumstantial evidence of malicious intent. *See Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) (*en banc*) (failure to "follow an existing protocol" provides "circumstantial evidence that a prison [official] knew of a substantial risk of serious harm"). Construing the evidence in the light most favorable to Orr, a reasonable jury could conclude the defendants acted maliciously by applying trip-gear restraints to escort him to the shower.

Second, Orr argues the defendants used excessive force against him once they entered his cell to apply the trip-gear restraints. ECF 60-1 at 10-13. Here, the parties dispute what took place when the defendants first entered Orr's cell. Specifically, Officer Early attests that he and Officer Canzoneri only began using force against Orr after Orr charged at Officer Canzoneri and knocked him to the ground. Alternatively, Orr attests that he only began resisting after Officer Canzoneri yanked on his hand

5

restraints, forced his fractured arm out of its sling, pushed him against the wall, and Officer Early sprayed him with OC spray. Construing these facts in the light most favorable to Orr, a reasonable jury could conclude that Officers Early and Canzoneri maliciously used force against Orr in his cell at a time when no force was needed. This is so even assuming the defendants were justified in using force against Orr once he began resisting. *See Cyrus v. Town of Mukwonago*, 624 F.3d 856, 863 (7th Cir. 2010) ("Force is reasonable only when exercised in proportion to the threat posed . . . and as the threat changes, so too should the degree of force"). In their reply, the defendants argue Orr's description of what occurred in his cell is not credible and is not supported by any evidence. ECF 61 at 2-4. But a challenge to Orr's credibility is not a proper basis for summary judgment. *See Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011) (at the summary judgment stage, the court cannot "weigh conflicting evidence" or "make credibility determinations," as this is "the province of the jury") (citations omitted). The only evidence regarding what occurred when the defendants first entered Orr's cell are the conflicting affidavits of Orr and Officer Early, and the court must construe this evidence in Orr's favor.

Accordingly, there is evidence by which a reasonable jury could conclude that the defendants used excessive force against Orr by (1) unnecessarily applying trip-gear restraints to escort him to the shower, and (2) using force against him in his cell by yanking down on his hand restraints, forcing his arm out of its sling, pushing him against the wall, and spraying him with OC spray before any force was necessary. For

these reasons, the court DENIES the defendants' motion for summary judgment (ECF 53).

SO ORDERED on October 11, 2022

 s/Michael G. Gotsch, Sr.
Michael G. Gotsch Sr.
United States Magistrate Judge